OPINION

Per Curiam:

This case involves the Clark County School District’s (CCSD) notice of termination to John H. Riley and CCSD’s subsequent refusal to recognize his status as a postprobationary teacher.[1] Riley filed a complaint for a declaratory judgment to determine his teaching status with CCSD. The district court granted summary judgment for Riley, concluding that he retained his postpro-bationary teaching status and the accompanying privileges. CCSD appeals that order, arguing that: (1) Riley’s postprobationary status was revoked when he was terminated on November 21, 1995, and subsequently rehired on December 1, 1995, and (2) a collective bargaining agreement bars Riley’s declaratory judgment action. We conclude that Riley was not properly terminated pursuant to NRS 391.317, and therefore he never lost his postproba-tionary status. Moreover, we conclude that the collective bargaining agreement does not apply to the instant case. Accordingly, the district court properly granted summary judgment, and we affirm.

STATEMENT OF FACTS

CCSD hired John H. Riley as a probationary music teacher for the 1993-1994 school year. At the end of the year, CCSD reemployed Riley for the 1994-1995 school year as a postprobationary teacher, pursuant to NRS 391.3197.[2] On November 17, 1995, CCSD notified Riley in writing that his teaching license was invalid, and that he would be terminated by November 21, 1995, *1145 unless he remedied a defect in connection with his licensure by that time.[3] Riley was unable to remedy the defect within the time allotted, and was not allowed to teach after November 21, 1995. CCSD rehired Riley on December 1, 1995, after he provided the necessary documentation and reapplied for the position. CCSD reclassified Riley as a probationary teacher for the 1995-1996 and 1996-1997 school years, and Riley signed an “offer of employment” and two successive “Probationary Contracts” to that effect.
Prior to his employment with CCSD, Riley taught for many years in Southern California and was duly accredited in California. The Nevada Department of Education issued Riley a provisional teaching certificate upon his move to Nevada. The provisional teaching certificate required Riley to pass or establish an exemption from certain competency tests on or before November 18, 1995. Once the provisions were cleared, Riley’s license would remain in effect until July, 1999.
Because of Riley’s extensive teaching experience in California and his successful completion of similar competency tests in California, Riley qualified for an exemption from renewed competency testing in Nevada. See NAC 391.036(3)-(4). Riley’s licensing file contained letters from his previous California employers, documenting his teaching experience and successful completion of equivalent competency testing. Until his receipt of the November 17, 1995, notice from CCSD, Riley had no reason to believe he had not cleared his provisional requirements on his license.
Following issuance of the notice of non-compliance, CCSD informed. Riley for the first time that the letters from his California employers were insufficient because of the technicality that they were not on proper Nevada Department of Education forms. Riley was unable to submit the proper forms by November 21, 1995. CCSD did not allow Riley to teach until he cleared the *1146 provisions. On November 30, 1995, Riley provided the completed forms to the Nevada Department of Education and reapplied for his prior position.[4] CCSD rehired him and classified him as a probationary teacher.
Riley filed a complaint for a declaratory judgment, arguing that his employment was never actually terminated, and, in the alternative, that such termination was unlawful because it failed to comply with NRS 391.317; therefore, Riley argued, he retained his postprobationary status. CCSD contended that Riley was terminated on November 21, 1995, and was properly classified as a probationary teacher upon his rehiring. CCSD also argued that because Riley was rehired on December 1, 1995, the collective bargaining agreement between CCSD and the Clark County Classroom Teachers Association governed his rights, and he was barred from pursuing judicial remedies.
On March 4, 1997, the district court granted summary judgment in favor of Riley. The district court concluded that Riley became a postprobationary teacher no later than September 1, 1994, and retained that status continuously, notwithstanding the purported termination of November 21, 1995. This timely appeal followed.

DISCUSSION

This case substantially hinges on whether Riley was properly terminated on November 21, 1995. We conclude that he was not. Because Riley was not afforded the procedures to which he was entitled by statute, we conclude that Riley was not actually terminated, and we therefore affirm the district court’s grant of summary judgment, permitting Riley to maintain his postprobationary status.
We review orders granting summary judgment de novo. See Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 110, 825 P.2d 588, 591 (1992). Summary judgment is appropriate when there are no genuine issues of material fact and the party is entitled to summary judgment as a matter of law. See Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993); see also NRCP 56.
NRS 391.317 provides:
*1147 1. At least 15 days before recommending to a board that it demote, dismiss or not reemploy a postprobationary employee, or dismiss or demote a probationary employee, the superintendent shall give written notice to the employee, by registered or certified mail, of his intention to make the recommendation.
2. The notice must:
(a) Inform the licensed employee of the grounds for the recommendation.
(b) Inform the employee that, if a written request therefor is directed to the superintendent within 10 days after receipt of the notice, the employee is entitled to a hearing before a hearing officer.
(c) Inform the employee that he may request appointment of a hearing officer from a list provided by the American Arbitration Association and that one will be appointed if the superintendent agrees in writing.
(d) Refer to chapter 391 of NRS.
Pursuant to NRS 391.317(1), as a postprobationary teacher, Riley was entitled to fifteen days’ notice prior to being terminated. CCSD was also required to notify Riley of his right to a hearing. See NRS 391.317(2)(b). CCSD gave Riley only four days’ notice before terminating him and did not apprise him of his right to a hearing. Regardless of whether Riley was properly licensed, he was employed as a postprobationary teacher for over a year. See NRS 391.311(5); 391.3197. He was entitled, therefore, to all statutory procedures and protections afforded to that position. See NRS 391.317. CCSD’s failure to follow NRS 391.317 effectively renders Riley’s termination void. Because the facts as to Riley’s notification are undisputed, we conclude that the district court correctly granted summary judgment for Riley, and we affirm the determination of Riley’s status as that of a post-probationary teacher.
CCSD further argues that the collective bargaining agreement between CCSD and the Clark County Classroom Teachers Association bars Riley’s declaratory judgment action.[5] We do not *1148 agree. Although arbitrators have the authority to receive contractual grievances, this court has jurisdiction to determine questions of statutory law that may or may not fall outside of collective bargaining agreements. See Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974); see also Spiewak v. Board of Educ., 447 A.2d 140, 147 (N.J. 1982). Arbitration is required if the parties have an agreement restricting the resolution of statutory grievances to that effect. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35 (1991).
There is no agreement between Riley and CCSD to submit any claims to arbitration. Riley’s claim is based on his statutory rights as a postprobationary teacher, rendering his claim judicially reviewable. Nor can CCSD rely on the terms of the collective bargaining agreement. Section 36-8-3 of the collective bargaining agreement does not govern this case because Riley was currently employed as of December 1, 1995. The dispute as to whether Riley was reinstated on November 30 or December 1 is irrelevant, since we conclude that his rehiring was a fiction. Accordingly, Riley’s action is properly before the court, and we conclude that the collective bargaining agreement does not affect his claim.

CONCLUSION

We conclude that the district court properly granted summary judgment to Riley. Because CCSD failed to follow the statutory notice provisions elucidated in NRS 391.317, Riley was not terminated, and therefore he did not lose his postprobationary teaching status. Nor does the collective bargaining agreement apply to preclude his claim.
Accordingly, we affirm the order of the district court.

 We originally dismissed this appeal in an unpublished order on March 2, 2000. On March 17, 2000, respondent filed a motion to publish the order. Cause appearing, we grant the motion and publish this opinion in place of our prior unpublished order.

 At the time of Riley’s employment, NRS 391.3197 required a probationary period of one year before being considered a postprobationary employee. The statute has since been amended to require a probationary period of two years.

 The letter provided, in pertinent part (emphasis omitted):
The Nevada Administrative Code (NAC 391.025) places responsibility of proper licensing, at all times, upon the employee. A licensed employee cannot be legally employed in the public schools of Nevada unless the employee holds a valid Nevada teaching license of appropriate classification. If provisions are not removed from a Nevada Teaching license by the removal date, the license becomes invalid.
We have been notified by the Nevada State Department of Education that provision(s) on your Nevada teaching license has not been removed. Therefore, if the Department of Education does not notify us on the clearance of your Nevada teaching license by the end of the day, Tuesday, November 21, 1995, you will be removed from your assignment and your resignation will be- submitted to the Board of School Trustees effective the end of the day, November 21, 1995.

 CCSD and Riley disagree as to whether he was reemployed effective November 30, 1995, or December 1, 1995. CCSD argues that the effective date is relevant because it determines whether the collective bargaining agreement applies. However, as we state in our opinion, because Riley was not properly terminated, we conclude that this dispute is not material for the determination of this case.

 The collective bargaining agreement (CBA) requires any grievance to be submitted to arbitration. The CBA defines grievance as:
any dispute which arises regarding an interpretation, application or alleged violation of any of the provisions of this Agreement. ... A grievance shall not include any matter or action taken by the School *1148 Trustees, or any of its agents, for which relief is granted by the statutes of Nevada.
CBA § 4-1 (emphasis added).
The CBA also provides: “A teacher hired on or after December 1 of any school year shall be a probationary teacher for the remainder of that school year and for the ensuing school year.” CBA § 36-8-3 (emphasis added).