**Cathy DELLAVEDOVA,**
**Plaintiff–Appellant,**

v.

Diana **CHALFANT;** Clark County School District; Edward Goldman; and George Ann Rice, Defendants–Appellees.

No. 00–17381.

D.C. No. CV–99–00287–RLH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001.*

Decided Jan. 4, 2002.

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

Dellavedova's claim for violation of pre-termination due process was waived as to all defendants except Goldman and Chalfant when she failed to reallege the claim in her amended complaint. *See Forsyth v.*

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997). She later dismissed all claims against Chalfant with prejudice, and thus only the grant of summary judgment to Goldman is before us on appeal. As Goldman conducted the post-termination hearing, but was not involved in any pre-termination events, summary judgment in favor of Goldman on the pre-termination claim is affirmed.

Even if the issue of pre-termination due process were not waived, summary judgment in favor of the other defendants was also appropriate. Given the simplicity of the charges against Dellavedova, the actions by the Clark County School District and defendant Rice complied with the constitutional standards set forth in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545–46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (requiring only that there be notice, an explanation of the evidence and an opportunity for the employee to explain his or her side). This is true even if their actions violated Nevada *state* procedural requirements, as determined later by the Nevada Supreme Court in *Clark County School Dist. v. Riley*, 14 P.3d 22 (Nev. 2000). The constitution, not state law, establishes the minimum due process procedures. *Voigt v. Savell*, 70 F.3d 1552, 1563 (9th Cir.1995).

Dellavedova's claim for deprivation of post-termination due process also fails. She does not explain why the post-termination hearing on January 12, 1998, was constitutionally insufficient. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Dellavedova acknowledged she was given notice and had adequate time to prepare for the hearing, and that she met with a union representative who spoke on her behalf at the hearing. *See Brewster v.*

*Board of Educ. of the Lynwood Unified School Dist.*, 149 F.3d 971, 986 (9th Cir. 1998); *Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773, 779–80 (9th Cir.1982). Although Dellavedova was dissatisfied with the legal conclusion drawn by the district as to the effect of her license termination, the procedures the district employed were not unconstitutional.

AFFIRMED.

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.